# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00550-CV

**Lloyd London, Appellant**

**v.**

**Ada Jemison, M.D., Psychiatrist and Any Successor, and the Attorney General of Texas, Appellees**

### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NOS. CV38,369 CR25,667 & CR25,668
### THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Lloyd London, acting pro se, has filed a notice of appeal from two medication orders, MED-2054 and MED-2105, which are not in the record before this Court but which London states were issued in Wilbarger County. *See* Tex. Health & Safety Code § 574.106 (authorizing administration of psychoactive medication to patients who are under court order to receive inpatient mental-health services). This Court lacks jurisdiction to review court orders from Wilbarger County. *See* Tex. Gov't Code § 22.201(d) (listing counties within jurisdiction of Third District Court of Appeals), (h) (listing Wilbarger County as within jurisdiction of Seventh District Court of Appeals, located in Amarillo); *see also* Tex. Health & Safety Code § 574.070(a) ("An appeal from an order requiring court-ordered mental health services, or from a renewal or modification of an order, must be filed in the court of appeals for the county in which the order is entered.").

Accordingly, this Court sent a notice to appellant informing him that it appears that we lack jurisdiction over this matter for this reason and requesting that he file a response explaining how we may exercise jurisdiction over this appeal. In his response, appellant references the Milam County District Court's order of commitment for restoration to competency, which was signed on January 23, 2018.[1] *See* Tex. Code Crim. Proc. art. 46B.073. To the extent that London may also be seeking to appeal the Milam County District Court's initial order of commitment for restoration to competency, the district court appointed an expert to examine London and report to the court on his competence to stand trial. *See id.* art. 46B.005(a) (establishing that trial court shall order expert examination to determine defendant's competency to stand trial if after informal inquiry trial court determines that evidence exists to support finding of incompetency); *see also id.* art. 46B.021 (allowing appointment of experts to conduct competency examination). The trial court's order states that the defendant appeared at the hearing in person and was represented by counsel. Both counsel for the State and counsel for the defendant waived trial by jury and trial by the court on the issue of incompetence; neither side's counsel opposed a finding of incompetence; and the trial court did not on its own motion find cause to determine that a trial was necessary to establish incompetence. *See id.* art. 46B.005(c) (providing that no trial is required if neither party's counsel requests trial, neither party's counsel opposes incompetency finding, and court does not on its own motion determine trial necessary to determine incompetency). We lack jurisdiction to review the trial court's January 23, 2018 order because "[n]either the state nor the defendant is entitled to make an

---

[1] London has been charged in Milam County with attempted aggravated kidnapping and unlawful use of a criminal instrument. London indicates in his notice of appeal that he has been committed to the North Texas State Hospital in Vernon, which is in Wilbarger County.

interlocutory appeal relating to a determination or ruling under Article 46B.005." *Id.* art. 46B.011.

For these reasons, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Baker and Triana

Dismissed for Want of Jurisdiction

Filed:   March 20, 2020